IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODERICK TRICE,<br><br>      Plaintiff,<br><br>v.<br><br>SECURITY GUARD TISDALE, MILTON REED, EASTLAKE MANAGEMENT GROUP, INC., UNKNOWN CHICAGO POLICE OFFICERS, and the CITY OF CHICAGO,<br><br>      Defendants. | FILED<br>APRIL 26, 2008        YM<br>08CV2387<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE SCHENKIER<br><br>No. |

### **COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, by and through the HORWITZ, RICHARDSON & BAKER, LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit SECURITY GUARD TISDALE, MILTON REED, EASTLAKE MANAGEMENT GROUP, INC., UNKNOWN CHICAGO POLICE OFFICERS, (herein afterwards the "DEFENDANT OFFICERS") and the CITY OF CHICAGO.

### **JURISDICTION**

1.  The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### **PARTIES**

2.  PLAINTIFF is a resident of the State of Illinois and of the United States.

3.  The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

1

4.  The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

5.  EASTLAKE MANGEMENT GROUP, INC. is Corporation doing business in the State of Illinois.

6.  SECURITY GUARD TISDALE and MILTON REED were, at all relevant times to this complaint, agents, servants, and/or employees of EASTLAKE MANGEMENT GROUP, INC.

## FACTS

7.  On or about November 2, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

8.  The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9.  On November 2, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11.     On or about November 2, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12.     On or about November 2, 2007, SECURITY GUARD TISDALE and MILTON REED intentionally and maliciously instituted, pursued, and/ or caused to be instituted or pursued a legal criminal action against Plaintiff, without probable cause, said legal action terminated in favor of Plaintiff in a manner indicative of innocence.

13.     On or about November 2, 2007, SECURITY GUARD TISDALE and MILTON REED were engaged in the conduct complained of, on said date, and were in the the course and scope of employment and while on duty.

14.     Upon information and belief, SECURITY GUARD TISDALE, on November 2, 2007, came into physical contact with PLAINTIFF.

15.     Upon information and belief, MILTON REED, on November 2, 2007, came into physical contact with PLAINTIFF.

16.     Upon information and belief, UNKNOWN CHICAGO POLICE OFFICERS on November 2, 2007, came into physical contact with PLAINTIFF.

## CONSPIRACY

17.     Some or all of the DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED  conspired to cause damage to PLAINTIFF in the following manner:

    a.     agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

  b. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

  c. generating false documentation to cover-up for their own and each other's misconduct;

18. In connection with the above conspiracy, the DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED specifically engaged in communication on or about November 2, 2007, whereby the DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

## EQUAL PROTECTION

19. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

20. In connection with the Equal Protection Claim, PLAINTIFF is a member of a protected class (African American) and PLAINTIFF was treated differently by the DEFENDANT OFFICERS as a result.  The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently, trying to cause further injury to PLAINTIFF by illegally

generating false evidence against and criminally charging PLAINTIFF, specifically due to the status of PLAINTIFF as an African American.

21. In the alternative, with regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals who interact with police officers that were not falsely arrested.

## *MONELL* ALLEGATIONS

22. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

a. generate false documentation to cover-up for the misconduct of fellow police officers;

b. engage in acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts;

c. fail to properly discipline officers from said police department who have committed acts false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts;

d. fail to properly investigate a complaint of false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts perpetrated by a CITY OF CHICAGO police officer upon another;

e. fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts has been committed by said officer upon another;

f.     allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts without repercussions and/or significant repercussions;

g.     fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.     fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts;

i.     fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.     fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.     fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts;

l.     fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m.     fail to properly investigate officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.     fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts, such that a

permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens; and

o.      fail to provide proper training to prevent officers from participating in false arrest, fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

23.     This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

24.     A code of silence exists between officers of the Defendant Municipality.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

## COUNT I
## §1983 False Arrest

25.     PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

26.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

27.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

        WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest - State Claim

28. PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

29. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

30. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### Malicious Prosecution - State Claim

31. PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

32. The DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

33. The DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED engaged in this effort without probable cause.

34. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

35. The underlying criminal charges were resolved in a manner indicative of innocence.

36. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS, SECURITY GUARD TISDALE and MILTON REED. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS, SECURITY GUARD TISDALE and MILTON REED. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Conspiracy Claim

37. PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

38. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Conspiracy Claim – State Law

39. PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

40. The aforementioned actions of DEFENDANT OFFICERS, SECURITY GUARD TISDALE and MILTON REED were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS, SECURITY GUARD TISDALE and MILTON REED. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS, SECURITY GUARD TISDALE and MILTON REED. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT VI
### § 1983 Equal Protection – Member of a Protected Class

41. PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

42. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

43. The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT VII
### § 1983 Equal Protection – Class of One

44. PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

45. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

46. The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT VIII – *Monell***

47. PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

48. As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

49. Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the DEFENDANT OFFICERS.

50. As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFF was injured in a personal and pecuniary manner.

WHEREFORE, PLAINTIFF demands compensatory damages against the CITY OF CHICAGO, costs and attorneys' fees.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT IX**
**745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO**

51. PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

52. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

53. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT X
### Supplementary Claim for *Respondeat Superior* Against City of Chicago

54. PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

55. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## COUNT XI
### Supplementary Claim for *Respondeat Superior* Against Eastlake Management Group, Inc,

56. PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

57. The aforesaid acts of SECURITY GUARD TISDALE and MILTON REED were in the scope of employment and therefore the Defendant EASTLAKE MANAGEMENT GROUP, INC., as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should SECURITY GUARD TISDALE and/or MILTON REED be found liable for any state claims alleged herein, Plaintiff demands judgment against EASTLAKE

MANAGEMENT GROUP, INC. and such other additional relief, as this Court deems equitable and just.

## COUNT XII
### Injunctive Relief and/or Extraordinary Relief

58.     PLAINTIFF re-alleges paragraphs 1 – 24 as though fully set forth herein.

59.     PLAINTIFF'S mother resides at Lawless Garden Apartments in the 3600 Block of South Rhodes, Chicago, Illinois.

60.     DEFENDANTS EASTLAKE MANAGEMENT GROUP, INC., SECURITY GUARD TISDALE, and MILTON REED control visitor access to this location.

61.     The aforesaid acts of all Defendants caused or facilitated PLAINTIFF being placed on a "List of Barred Persons" at Lawless Garden Apartments.

62.     As a result of PLAINTIFF being placed on a "List of Barred Persons" at Lawless Garden Apartments by DEFENDANTS EASTLAKE MANAGEMENT GROUP, INC., SECURITY GUARD TISDALE, and MILTON REED, PLAINTIFF'S mother was issued a "LANDLORD'S NOTICE OF MATERIAL LEASE VIOLATION AND PROBATION" when PLAINTIFF visited his mother on or about November 2, 2007.

63.     As part of the aformentioned NOTICE, PLAINTIFF cannot visit his mother at her home without violating her lease and potentially having her lease canceled or not renewed by actions of DEFENDANTS EASTLAKE MANAGEMENT GROUP, INC., SECURITY GUARD TISDALE, and MILTON REED.

64.     While on the "List of Barred Persons" PLAINTIFF cannot visit his mother without violating her lease and potentially having her lease canceled or not renewed by actions of DEFENDANTS EASTLAKE MANAGEMENT GROUP INC., SECURITY GUARD TISDALE, and MILTON REED.

65. PLAINTIFF had not commited any acts on or prior to November 2, 2007, which warrant his inclusion on a "List of Barred Persons."

WHEREFORE, PLAINTIFF prays this Court to order DEFENDANTS EASTLAKE MANAGEMENT GROUP, INC., SECURITY GUARD TISDALE, and MILTON REED to remove PLAINTIFF from the "List of Barred Persons." PLAINTIFF also prays this Court order DEFENDANTS EASTLAKE MANAGEMENT GROUP INC., SECURITY GUARD TISDALE, and MILTON REED revoke, rescind, or otherwise vacate any prior notices caused by PLAINTIFF'S visits to his mother at Lawless Garden Apartments; and order any such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

66. Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz

**HORWITZ, RICHARDSON & BAKER, LLC.**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076