171-064240                               DJO/tls
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RODERICK TRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  08 CV 2387 |
| | ) | |
| SECURITY GUARD TISDALE, MILTON | ) | |
| REED, EASTLAKE MANAGEMENT | ) | |
| GROUP, INC., UNKNOWN CHICAGO | ) | |
| POLICE OFFICERS, and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER**
**TO**
**COMPLAINT AT LAW**

NOW COMES the Defendant, NEHEMIA TISDALE, by and through his attorneys, PRETZEL & STOUFFER, CHARTERED, and for his Answer and Affirmative Defenses to the Plaintiff's Complaint at Law, states as follows:

**Jurisdiction**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER**:      The Defendant admits the allegations contained in paragraph 1.

1

**Parties**

2.      PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER**:     The Defendant does not have sufficient information at the present time to form a

belief as to the truth of the allegations contained in paragraph 2 and therefore denies

same.

3.      The DEFENDANT OFFICERS were at all times relevant hereto employed by and

acting on behalf of  CITY OF CHICAGO.

**ANSWER**:     The Defendant does not have sufficient information at the present time to form a

belief as to the truth of the allegations contained in paragraph 3 and therefore denies

same.

4.      The CITY OF CHICAGO is a duly incorporated municipal corporation and is the

employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or

employees referred to in this Complaint (as indicated in the Monell claim alleged herein). At all

times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law,

ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:**     The Defendant does not have sufficient information at the present time to form a

belief as to the truth of the allegations contained in paragraph 4 and therefore denies

same.

5.       EASTLAKE MANAGEMENT GROUP, INC. is a Corporation doing business in

the State of Illinois.

**ANSWER**:     The Defendant admits the allegations contained in paragraph 5.

2

6.      SECURITY GUARD TISDALE and MILTON REED were, at all relevant times to this complaint, agents, servants, and/or employees of EASTLAKE MANAGEMENT GROUP, INC.

**ANSWER**:    The Defendant admits that Tisdale and Reed were employees of Eastlake Management Group, Inc. and denies the remaining allegations of paragraph 6.

### Facts

7.      On or about November 2, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER**:    The Defendant denies the allegations contained in paragraph 7.

8.      The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER**:    The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies same.

9.      On November 2, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER**:    The Defendant denies the allegations contained in paragraph 9.

3

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER**:     The Defendant denies the allegations contained in paragraph 10.

11.     On or about November 2. 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER**:     The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies same.

12.     On or about November 2, 2007, SECURITY GUARD TISDALE and MILTON REED intentionally and maliciously instituted, pursued, and/or caused to be instituted or pursued a legal criminal action against Plaintiff, without probable cause, said legal action terminated in favor of Plaintiff in a manner indicative of innocence.

**ANSWER**:     The Defendant denies the allegations contained in paragraph 12.

13.     On or about November 2, 2007, SECURITY GUARD TISDALE and MILTON REED were engaged in the conduct complained of, on said date, and were in the course and scope of employment and while on duty.

**ANSWER**:     The Defendant admits that Tisdale and Reed were employed by Eastlake on November 2, 2007 but denies the remaining allegations of paragraph 13.

14.    Upon information and belief, SECURITY GUARD TISDALE, on November 2, 2007, came into physical contact with PLAINTIFF.

**ANSWER**:    The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies same.

15.    Upon information and belief. MILTON REED, on November 2,2007, came into physical contact with PLAINTIFF.

**ANSWER**:    The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies same.

16.    Upon information and belief, UNKNOWN CHICAGO POLICE OFFICERS on November 2, 2007, came into physical contact with PLAINTIFF.

**ANSWER**:    The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies same.

### Conspiracy

17.    Some or all of the DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED conspired to cause damage to PLAINTIFF in the following manner:

a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

b.    agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

c.    generating false documentation to cover-up for their own and each other's misconduct;

**ANSWER**:     The Defendant denies the allegations contained in paragraph 17, subparagraphs a through c inclusive.

18.     In connection with the above conspiracy, the DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MIL TON REED specifically engaged in communication on or about November 2, 2007, whereby the DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED by and through their conduct, proximately caused PLAINTIFF to, inter alia, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

**ANSWER**:     The Defendant denies the allegations contained in paragraph 18.

### Equal Protection

19.     The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER**:     The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies same.

6

20.    In connection with the Equal Protection Claim, PLAINTIFF is a member of a protected class (African American) and PLAINTIFF was treated differently by the DEFENDANT OFFICERS as a result. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently, trying to cause further injury to PLAINTIFF by illegally generating false evidence against and criminally charging PLAINTIFF, specifically due to the status of PLAINTIFF as an African American.

**ANSWER**:    The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies same.

21.    In the alternative, with regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals who interact with police officers that were not falsely arrested.

**ANSWER**:    The Defendant denies the allegations contained in paragraph 21.

### *Monell* Allegations

22.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

a.    generate false documentation to cover-up for the misconduct of fellow police officers;

7

b.   engage in acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

c.   fail to properly discipline officers from said police department who have committed acts false arrest, fabrication of evidellce, malicious prosecution, and/or misrepresentation of facts;

d.   fail to properly investigate a complaint of false arrest, fabrication of evidence, malicious prosecution, andlor misrepersentaion of facts perpetrated by a CITY OF CHICAGO police officer upon another;

e.   fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts has been committed by said officer upon another;

f.   allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest. fabrication of evidence, malicious prosecution, and/or misrepersentaion of facts without repercussions andlor significant repercussions;

g.   fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.   fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

8

i.     fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.     fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not. be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.     fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts;

l.     fail to take proper remedial measures to prevent and/or correct officers who falsity police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules. policies and/or procedures of the CITY OF CHICAGO police department;

m.    fail to properly investigate officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.    fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens; and

o.    fail to provide proper training to prevent officers from participating in false arrest, fabrication of evidence, malicious prosecution, and/or misrepresentation of facts, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

**ANSWER**:    The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 22, subparagraphs a through o inclusive, and therefore denies same.

23.    This practice and/or custom, as alleged above. has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

**ANSWER**:    The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies same.

10

24.     A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets in the department, regarding police officer misconduct.

**ANSWER**:    The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies same.

## Count I
## §1983 False Arrest

The Defendant makes no answers to the allegations of Count I as these allegations are not directed at this Defendant.

## Count II
## False Arrest - State Claim

The Defendant makes no answers to the allegations of Count II as these allegations are not directed at this Defendant.

## Count III
## Malicious Prosecution - State Claim

31.     PLAINTIFF re-alleges paragraphs I - 24 as though fully set forth herein.

**ANSWER**:    The Defendant adopts and assert their answers to paragraphs 1-24 as his answer to paragraph 31 as though the same were fully set forth herein.

32.     The DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

11

**ANSWER**:    The Defendant denies the allegations contained in paragraph 32.

33.    The DEFENDANT OFFICERS along with SECURITY GUARD TISDALE and MILTON REED engaged in this effort without probable cause.

**ANSWER**:    The Defendant denies the allegations contained in paragraph 33.

34.    The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**ANSWER**:    The Defendant denies the allegations contained in paragraph 34.

35.    The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER**:    The Defendant denies the allegations contained in paragraph 35.

36.    The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER**:    The Defendant denies the allegations contained in paragraph 36.

WHEREFORE, Plaintiff, RODERICK TRICE, is not entitled to judgment in any amount whatsoever against this Defendant.  Further, this Defendant prays that this Honorable Court enter judgment in his favor and against the Plaintiff, plus costs.

## COUNT IV
### §1983 Conspiracy Claim

The Defendant makes no answer to the allegations contained in Count IV as these allegations are not directed at this Defendant.

## COUNT V
### Conspiracy Claim – State Law

39.    PLAINTIFF re-alleges paragraphs 1 - 24 as though fully set forth herein.

**ANSWER**:    The Defendant adopts and asserts his answers to paragraphs 1 through 24 as his answer to paragraph 39 as though the same were fully set forth herein.

40.    The aforementioned actions of DEFENDANT OFFICERS, SECURITY GUARD TISDALE and MILTON REED were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER**:    The Defendant denies the allegations contained in paragraph 40.

WHEREFORE, Plaintiff, RODERICK TRICE, is not entitled to judgment in any amount whatsoever against this Defendant.  Further, this Defendant prays that this Honorable Court enter judgment in his favor and against the Plaintiff, plus costs.

### COUNT VI
### §1983 Equal Protection – Member of a Protected Class

The Defendant makes no answers to the allegations of Count VI as these allegations are not directed at this Defendant.

### COUNT VII
### §1983 Equal Protection – Class of One

The Defendant makes no answers to the allegations of Count VII as these allegations are not directed at this Defendant.

### COUNT VIII - *Monell*

The Defendant makes no answers to the allegations of Count VIII as these allegations are not directed at this Defendant.

### COUNT IX
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

The Defendant makes no answers to the allegations of Count IX as these allegations are not directed at this Defendant.

## COUNT X
### Supplementary Claim for *Respondeat Superior* against City of Chicago

The Defendants makes no answers to the allegations of Count X as these allegations are not directed at this Defendant.

## COUNT XI
### Supplementary Claim for *Respondeat Superior* Against Eastlake Management Group, Inc.

56.     PLAINTIFF re-alleges and paragraphs 1 - 24 as though fully set forth herein.

**ANSWER**:     The Defendant adopts and asserts his answers to paragraphs 1-24 as his answer to paragraph 56 as though the same were fully set forth herein.

57.     The aforesaid acts of SECURITY GUARD TISDALE and MILTON REED were in the scope of employment and therefore the Defendant EASTLAKE MANAGEMENT GROUP, INC., as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

**ANSWER**:     The Defendant admits that Tisdale and Reed were employed by Eastlake on November 2, 2007 but denies the remaining allegations contained in paragraph 57.

WHEREFORE, Plaintiff, RODERICK TRICE, is not entitled to judgment in any amount whatsoever against this Defendant.  Further, this Defendant prays that this Honorable Court enter judgment in his favor and against the Plaintiff, plus costs.

## COUNT XII
### Injunctive Relief and/or Extraordinary Relief

58.     PLAINTIFF re-alleges paragraphs 1 - 24 as though fully set forth herein.

**ANSWER**:     The Defendant adopts and asserts his answers to paragraphs 1-24 as his answer to paragraph 58 as though the same were fully set forth herein.

59.    PLAINTIFF'S mother resides at Lawless Garden Apartments in the 3600 Block of South Rhodes, Chicago, Illinois.

**ANSWER**:    The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 59 and therefore denies same.

60.    DEFENDANTS EASTLAKE MANAGEMENT GROUP, INC., SECURITY GUARD TISDALE, and MILTON REED control visitor access to this location.

**ANSWER**:    The Defendant admits that access to the Lawless Garden Apartments is controlled in part, but not exclusively, by Eastlake.

61.    The aforesaid acts of all Defendants caused or facilitated PLAINTIFF being placed on a"List of Barred Persons" at Lawless Garden Apartments.

**ANSWER**:    The Defendant admits that the Plaintiff was on a list of persons who were restricted regarding access to the Lawless Garden Apartments.  The Defendant denies the remaining allegations contained in paragraph 61.

62.    As a result PLAINTIFF being placed an a list of Barred Persons" at Lawless Garden Apartments by DEFENDANTS EASTLAKE MANAGEMENT GROUP, INC., SECURITY GUARD TISDALE, and MILTON REED, PLAINTIFF'S mother was issued a "LANDLORD'S NOTICE OF MATERIAL LEASE VIOLATION AND PROBATION" when PLAINTIFF visited his mother on or about November 2, 2007.

**ANSWER**:    The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 62 and therefore denies same.

15

63.     As part of the aforementioned NOTICE, PLAINTIFF cannot visit his mother at her home without violating her lease and potentially having her lease canceled or not renewed by actions of DEFENDANTS EASTLAKE MANAGEMENT GROUP, INC., SECURITY GUARD TISDALE. and MILTON REED.

**ANSWER**:     The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 63 and therefore denies same.

64.     While on the "List of Barred Persons" PLAINTIFF cannot visit his mother without violating her lease and potentially having her lease canceled or not renewed by actions of DEFENDANTS EASTLAKE MANAGEMENT GROUP INC., SECURITY GUARD TISDALE, and MILTON REED.

**ANSWER**:     The Defendant does not have sufficient information at the present time to form a belief as to the truth of the allegations contained in paragraph 64 and therefore denies same.

65.     PLAINTIFF had not committed any acts on or prior to November 2, 2007, which warrant his inclusion on a "List of Barred Persons."

**ANSWER**:     The Defendant denies the allegations contained in paragraph 65.

WHEREFORE, Plaintiff, RODERICK TRICE, is not entitled to judgment in any amount whatsoever against the Defendant.  Further, the Defendant prays that this Honorable Court enter judgment in his favor and against the Plaintiff, plus costs.

## Affirmative Defenses

NOW COMES the Defendant, NEHEMIA TISDALE, by and through his attorneys, PRETZEL & STOUFFER, CHARTERED, and for his Affirmative Defenses to the Complaint at Law, states as follows:

### *first affirmative defense*

The Plaintiff was the sole proximate cause of any damages he claims because he ignored rules of property access and reasonable instructions of security guards and police.

### *second affirmative defense*

The Plaintiff was contributorily at fault by ignoring property access rules and ignoring reasonable directions of property security and police, and Plaintiff's damages, if any, are barred or reduced pursuant to 735 ILCS 5/2-1116.

WHEREFORE, the Defendant, NEHEMIA TISDALE, prays that this Honorable Court enter judgment in his favor and against the Plaintiff, plus costs.

This Defendant demands trial by jury.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED


By:_____/s/_____
                    Donald J. O'Meara, Jr.

One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
(312) 346-1973
domeara@pretzel-stouffer.com

17

## CERTIFICATE OF SERVICE

A copy of Defendants' Answer and Affirmative Defenses was filed electronically this 8th day of July, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

ATTORNEY FOR PLAINTIFF
Blake Horwitz
Abbas Badruddin Merchant
Horwitz, Richardson & Baker, LLC
20 S. Clark Street, Suite 500
Chicago, Illinois 60603
312/676-2100
Fax: 312/372-7076
bhorwitz@hrbattorneys.com
amerchant@hrbattorneys.com

ATTORNEY FOR CITY OF CHICAGO
Helen Catherine Gibbons
City of Chicago (30 N LS)
30 North LaSalle Street
Chicago, IL 60602
312 744 5100
helen.gibbons@cityofchicago.org

/s/Donald J. O'Meara, Jr.
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone: (312) 578-7485
Fax: (312) 346-8242
Domeara@pretzel-stouffer.com
Attorney for Defendants Milton Reed and Eastlake Management Group, Inc.

18